**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

Kathleen Maier,

Plaintiff,

v.

Midwest Medical Insurance Company, a Minnesota corporation, and Midwest Medical Insurance Holding Company, a Minnesota corporation,

Defendants.

Case Type: Employment
Case File No.: 01-CV-1544 (PAM/JGL)

**STIPULATED CONFIDENTIALITY ORDER**

Upon stipulation and agreement of the parties,

IT IS HEREBY ORDERED:

1. This order sets forth a mechanism by which the parties to this action may disclose in discovery and at trial confidential matter. It is intended to apply to trade secrets, commercial or proprietary information, personnel files, corporate financial information, including payroll and personnel records, and all other confidential materials.

2. As used herein, "confidential matter" shall mean any document furnished in the course of this litigation by any party which the furnishing party, in good faith, deems confidential and designated as such by the producing party, pursuant to Paragraph 3 below. Confidential matter shall also include material designated as confidential and disclosed by the parties in response to discovery requests prior to the date of this order. Confidential matter shall not include any material which is or becomes a matter of public record, or which is disseminated without the protection of a confidentiality order by the party claiming confidential matter status. Material which has or does become a matter of public record because of any violation of a confidentiality order shall not thereby lose confidential matter status.

FEB 2 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. The producing party shall stamp or affix the word "CONFIDENTIAL" on each document or set of documents which the producing party maintains contains confidential matter. All such notice of classification shall be affixed in the manner that does not interfere with the legibility of the material(s).

4. Materials submitted to the parties in the action by third parties may also be designated as confidential by the producing third party. Such designation shall be made in writing.

5. Any party may at any time object to such designation. Should the producing and objecting parties be unable to informally resolve such objection, the producing party may submit such dispute to the court of resolution. Until the court resolves such dispute, the material shall be treated as confidential matter.

6. Except by further order of the court, confidential matter shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than the following:

a. The Plaintiff;

b. Representatives of the parties to this litigation to the extent necessary to assist them in evaluation, preparation or testimony in this case;

c. The attorneys for the parties in this litigation and their employees, and counsel regularly employed by any party assisting in the preparation of this litigation for trial;

d. Persons employed by a party or its attorneys in this litigation to assist them in evaluation, preparation or testimony in this case, such as accountants and expert witnesses;

e. Any persons from whom testimony is taken or to be taken in this litigation, except that such a person may only be shown confidential matter during his testimony and in preparation therefore and only to the extent necessary for such preparation or testimony;

f. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation and/or trial of this litigation.

7. The persons described in Paragraph 6, and any other person who receives confidential matter, are enjoined from disclosing such to any person, except in conformance with this order or subsequent order.

8. Whenever any document or other item designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in these proceedings, the testimony relating to the exhibit and the exhibit itself shall be marked "CONFIDENTIAL."

9. No designated confidential matter, and no brief, memorandum, affidavit or other paper disclosing confidential matter, other than identification of documents, shall be filed in the public record of this matter, but may be filed in the office of the district judge or magistrate assigned to this case, and arrangements shall be made with this court for maintenance of separate sealed files for such confidential matter.

10. Any party or person obtaining access to confidential matter shall use the materials only for the preparation and trial or appeal of actions governed by this order, and shall not use the information for any other purpose.

11. Materials claimed to be confidential shall remain confidential matter unless, upon a motion by a producing party to the claim of confidentiality, the court determines the materials are not subject to the restrictions contained in this order.

12. Notwithstanding any provision herein to the contrary, if any party to this order shall conclude in good faith that for the purpose of this action it needs to disclose any information contained in or derived from any confidential matter to any person not permitted to obtain such information pursuant to Paragraph 6 of this order, it may request permission from counsel for the party designating the confidential matter to do so for specified information. If counsel cannot agree as to the disposition of such a request, application to the court for a ruling on such request may be made.

13. Should any party to this order desire to use in any proceeding herein any confidential matter, that party must give reasonable notice to all other parties to this order of

such intent, so that the confidentiality of such materials may be protected by agreement or, if necessary, as determined and directed by the court. In the event any confidential matter is used in any proceeding herein, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14. After final disposition of this action, all documents and copies thereof of any confidential matter in the possession, custody or control of any non-producing party shall be either returned to the producing party or destroyed. In addition, all transcripts of testimony and depositions designated as confidential matter shall be disposed of in a manner directed by the court upon motion by the party designating the materials or testimony as confidential. All counsel may keep all notes and memoranda embodying information obtained from confidential documents for the purpose of preserving a file of these actions, but such file shall remain confidential and subject to the restrictions of this order.

15. The Magistrate Judge of United States District Court assigned to this action shall have the power to enforce the terms of this order, with appropriate relief and sanctions, and to adjudicate all dispute arising hereunder subject to the normal right of appeal.

Dated this ___ day of January, 2002.

APPROVED AS TO FORM AND SO ORDERED:

By ______________________________
Mag. Judge of District Court

AGREED TO:

Dated: ~~January~~ February 20, 2002.

NEATON, PUKLICH & KLASSEN

By ______________________________
John A. Klassen (Reg. No. 24434X)
601 Carlson Parkway, Suite 620
Minneapolis, MN 55305
(952) 258-8444

ATTORNEYS FOR PLAINTIFF KATHLEEN MAIER

Dated: ~~January~~ ____, 2002.
February 27, 2002

BEST & FLANAGAN LLP

By ______________________

Frank Vogl (Reg. No. 113050)
4000 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402-4331
(612) 339-7121

ATTORNEYS FOR DEFENDANTS MIDWEST MEDICAL INSURANCE COMPANY AND MIDWEST MEDICAL INSURANCE HOLDING COMPANY

8788\202467\176890

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.