UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen Maier,

Plaintiff,

v.

Civ. No. 01-1544 (JNE/JGL)
ORDER

Midwest Medical Insurance Holding Company,

Defendant.

---

John A. Klassen, Esq., Neaton, Puklich & Klassen, appeared for Plaintiff Kathleen Maier.

Frank Vogl, Esq., Best & Flanagan LLP, appeared for Defendant Midwest Medical Insurance Holding Company.

---

This case involves claims of retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Minnesota Human Rights Act, Minn. Stat. ch. 363 (MHRA). Kathleen Maier alleges that Midwest Medical Insurance Holding Company (MMIHC) discharged her because she reported that one of MMIHC's vice presidents had sexually harassed another MMIHC employee. The case is before the Court on MMIHC's Motion for Summary Judgment. For the reasons given below, the Court denies the motion.

## I. BACKGROUND

MMIHC is an insurance holding company that insures hospitals, clinics, and physicians. Maier began working as a loss analyst in MMIHC's Risk Management Department in 1993. On March 22, 2001, Maier's coworker, Deb Trudeau, asked Maier to report an act of sexual harassment to Maier's department head, Deb McBride. Trudeau told Maier that Trudeau had heard from an unidentified person that one of MMIHC's vice presidents had fondled his genitals in the presence of another MMIHC employee. Maier claims that, during an investigation of other sexual harassment



FILED JUN 0 4 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

complaints in late 2000, both McBride and MMIHC's human resources director, Stephanie Kroeger, specifically instructed Maier to report inappropriate behavior by that particular vice president. McBride was out of the office on March 22. Maier reported the alleged harassment to McBride when McBride returned to the office on March 26. McBride was authorized to receive reports of sexual harassment from Maier under MMIHC's sexual harassment policy.

On March 30, Maier attended a meeting with her direct supervisor, Cinda Velasco, to discuss potential claims against MMIHC's insureds stemming from inappropriate sexual behavior. Velasco was also authorized to receive reports of sexual harassment from Maier under MMIHC's policy. Four other Risk Management Department employees were present at the meeting. Velasco and the other employees described incidents of inappropriate sexual conduct that had occurred in hospital workplace settings. During this conversation, Maier said, "Sexual harassment can occur anywhere, even at [MMIHC]." When Velasco inquired about the basis of Maier's comment, Maier "relayed the story about an employee allegedly fondling himself in another employee's cube." Upon further questioning from Velasco during the meeting, Maier identified the alleged harasser as the MMIHC vice president. Maier also indicated that she had reported the alleged harassment to McBride. Maier claims that she revealed these details only in response to Velasco's questions, and she denies making disparaging comments about other MMIHC employees at the meeting.

On April 5, 2001, Kroeger told Maier that MMIHC was discharging her because her statements at the meeting were "slanderous," and created a hostile working environment for the MMIHC vice president.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To establish a prima facie case of unlawful retaliation under Title VII or the MHRA, a plaintiff must show that she engaged in statutorily protected activity, that she was subject to an adverse employment action, and that a causal connection exists between the two. *Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 845 (8th Cir. 2002); *Hoover v. Norwest Private Mortgage Banking*, 632 N.W.2d 534, 548 (Minn. 2001). For purposes of this motion, MMIHC challenges only whether Maier's statements at the March 30 meeting qualify as protected activity under Title VII and the MHRA.

MMIHC acknowledges that the protections of Title VII and the MHRA extend to an employee who reports an act of sexual harassment, including the sexual harassment of a coworker. It argues, however, the employee must demonstrate a good faith, reasonable belief that the reported conduct violated the law. *See Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 714 (8th Cir. 2000) (Title VII); *Barnes v. Benham Group, Inc.*, 22 F. Supp. 2d 1013, 1022 (D. Minn. 1998) (MHRA). It also argues that the employer remains free to terminate or otherwise discipline the

employee for an independently valid reason, such as violating the employer's rules or disrupting the workplace. *See Smith v. Ashland, Inc.*, 250 F.3d 1167, 1174 (8th Cir. 2001) (MHRA); *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir.1999) (en banc) (Title VII). In MMIHC's view, Maier cannot establish that she had a reasonable belief that the alleged harassment occurred, nor can she establish that the manner in which she reported the alleged harassment was reasonable.

With respect to the reasonableness of Maier's belief, MMIHC contends that her knowledge of the alleged harassment was third-hand, and that she did not have reason to believe the information she received from Trudeau. However, Maier likewise had no reason to disbelieve the information, and her supervisors had told her to report any incidents involving the MMIHC vice president. MMIHC cites no legal authority or company policy requiring an employee to investigate and verify allegations of sexual harassment before making a report. Applicable law and MMIHC's policies assign those responsibilities to MMIHC. The Court therefore concludes that a rational trier of fact could find that Maier had a good faith, reasonable belief that the incident she reported violated the law.

A similar conclusion is warranted with respect to MMIHC's argument regarding the manner in which Maier made the report. The record contains no evidence that the report disrupted MMIHC's activities. Furthermore, unlike the plaintiffs in *Garrett v. Mobil Oil Corp.*, 531 F.2d 892, 894 (8th Cir.1976), and *Kiel*, 169 F.3d at 1134, upon which MMIHC relies, Maier was not insubordinate or disorderly and did not violate company policy. Finally, MMIHC complains about the indiscreet nature of Maier's report. Viewing the evidence in the light most favorable to Maier, however, the fact that other employees were present when she made the report could be attributed to Velasco, who asked detailed questions about the incident during the meeting. MMIHC cannot fault Maier for answering those questions when and where Velasco put them to her. Based on these

considerations, the Court concludes that a rational trier of fact could find that the manner in which Maier reported the alleged harassment was reasonable.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. MMIHC's Motion for Summary Judgment [Docket No. 15] is DENIED.

Dated: ~~May~~ June 4, 2003

J. N. Ericksen

JOAN N. ERICKSEN
United States District Judge